# IN THE MATTER OF THE APPLICATION OF YOUNG CHOW YEE FOR A WRIT OF HABEAS CORPUS.

## May 16, 1913.

1. *Immigration—Habeas corpus—Exhaustion of remedies:*    In immigration cases, a petition for writ of habeas corpus should be denied unless the petition contains an allegation of appeal from the decision of immigration officers denying the right to enter the United States, and of the confirmation of such decision.

2. *Same—Same—Same—Exceptions to rule:*    A petitioner for a writ of habeas corpus had noted his appeal from the decision of the inspector denying his right to enter the United States, but, upon applying for the writ, had withdrawn such appeal.    The writ was issued and at the hearing upon the return, it appeared that after the preliminary hearing, the inspector had discredited two of the petitioner's witnesses by referring to their previous statements in another case, without confronting them with such statements or giving them an opportunity of denying or explaining them or admitting them to be true. The court thereupon, deeming that petitioner had not had a fair and lawful hearing, authorized a hearing on the merits of the petitioner's claim of a right to land on the ground of citizenship.    At the close of

the evidence, which satisfactorily proved the petitioner's citizenship, the point was raised that the writ was improperly issued on the ground that there had been no confirmation of the inspector's decision on appeal. *Held*, that the circumstances created a proper ground for an exception to the rule.

*Habeas Corpus*: Objection for failure to exhaust remedies.

G. A. *Davis* and A. L. C. *Atkinson* for petitioner.
C. C. *Bitting*, Assistant U. S. Attorney, for respondent.

DOLE, J. In this case the applicant claimed the right to land on the ground of citizenship, and introduced witnesses to prove his Hawaiian birth, and upon the denial of his right to land, by the inspector, took an appeal and then applied for a writ of habeas corpus and withdrew his appeal.

[1a] The point is made by the respondent, that an application for a writ was not in order until after appeal and confirmation. There is apparently much support for this in *United States v. Sing Tuck*, 194 U. S. 161, in which the court says, at page 170, "before the courts can be called upon, the preliminary sifting process provided by the statutes must be gone through with." That was a case in which the petitioners said they were born in the United States but refused to answer questions by the inspector or to give information to support their claim. Under such a showing, the denial of their right to land was obviously correct. Upon the issuance of the writ no denial was made or attempted of the facts stated in the return. It would seem that under the circumstances, there was nothing left for he court to do but to dismiss the writ; the decision was, however, reversed by the Circuit Court of Appeals, "on the ground that the parties concerned were entitled to a judicial investigation of their status," on the question of citizenship. Id. 166. The Supreme Court, however, sustained

the ruling of the lower court, saying, "We are of opinion that the attempt to disregard and override the provisions of the statues and rules of the department and to swamp the courts by a resort to them in the first instance must fail. We may add that, even if it is beyond the power of Congress to make the decision of the department final upon the question of citizenship, we agree with the Circuit Court of Appeals that a petition for habeas corpus ought not to be entertained, unless the court is satisfied that the petitioner can make out at least a prima facie case. A mere allegation of citizenship is not enough. But, before the courts can be called upon, the preliminary sifting process provided by the statutes must be gone through with." The burden of the decision appears to be the failure of the applicants to present a case for consideration. They really had no grievance, no basis of a claim to land except an unsupported allegation. Does the ruling apply to this case?

. [2] I do not take the language quoted to lay down an imperative rule to be followed in every case regardless of circumstances. The case of *Minnesota v. Brundage*, 180 U. S. 499, 502, recognizes exceptions to the general rule as proper in cases of urgency, such as the discharge of persons in custody under State authority involving the authority and operations of the general government, or the obligations of the United States to or its relations with foreign nations, or to bring them into a court of the United States to testify as witnesses.

Does the present case present circumstances of urgency? The applicant, after a denial of his right to land, upon a prima facie showing by him, took an appeal to the Secretary of Commerce and Labor and then, upon applying for a writ of habeas corpus, withdrew such appeal. It is unfortunate that the point was not made by the respondent at the inception of these proceedings. The petitioner has been at the expense and trouble incident to a hearing on the merits, having to bring witnesses from the other side of the island,

DISTRICT OF HAWAII. [Vol. 4]

and suffering the delays necessarily connected with litigation. A hearing was had upon the return, the burden of which was the question whether the applicant had a legal hearing before the inspector. This was decided in the negative on the ground that the inspector discredited two of the witnesses by referring, after the hearing, to their statements in a former case, without confronting them with such statements or giving them a chance of explaining or denying them or admitting them to be true; and the court thereupon authorized a further hearing on the merits of the applicant's claim of his right to land on the ground of citizenship. At such hearing, after the evidence was in, the point was raised by the respondent as set forth above.

In my opinion the applicant satisfactorily proved his citizenship at such hearing, and it appears to me that it would be carrying the rule, which is admittedly subject to exceptions, to an extreme length, if the court should now, under the circumstances, remand to the custody of the inspector, a person who has proved that he is a citizen of the United States, necessitating a renewal of his appeal from the original ruling of the inspector, and new proceedings for a writ of habeas corpus in case of the confirmation of the inspector's decision on such appeal.

Under these considerations, I feel that the petitioner should be discharged and so order.

[1b] This court, in support of the rule referred to, will in the future require petitions for writs of habeas corpus in immigration cases, to contain allegations of appeal from decisions of immigration officers denying the right to land, to the appellate authority, and of his confirmation of such denial.